IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GILBERT,<br><br>            Plaintiff,<br><br>    v.<br><br>C. HEARN,<br><br>            Defendant. | No.  2:20-CV-0384-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1 rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege
2 with at least some degree of particularity overt acts by specific defendants which support the
3 claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4 impossible for the Court to conduct the screening required by law when the allegations are vague
5 and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, Michael Gilbert, is an inmate at Mule Creek State Prison. Plaintiff names C. Hearn, Corrections Officer at Mule Creek State Prison, as the defendant.

Plaintiff alleges that Officer Hearn violated his Eighth Amendment right to be free of cruel and unusual punishment by using excessive force. Plaintiff claims that on March 3, 2019, an unnamed officer activated a booth code in response to a fistfight, which caused everyone present on the floor to prone out. Plaintiff alleges that Officer Hearn entered the prison floor and shot plaintiff, who was not involved in the initial fistfight. Plaintiff claims Officer Hearn's actions did not follow standard protocol, which was to shoot at the floor instead of inmates. Plaintiff suffered a broken arm, excruciating pain, persistent limited range of motion, and potential lasting nerve damage.

Plaintiff also claims that Officer Hearn violated his Fourteenth Amendment right to equal protection by retaliating against him. Plaintiff alleges that Officer Hearn laughed after shooting plaintiff in the arm and stated "at least I hit a MAC rep who petitioned on inmate's rights." Plaintiff claims that Officer Hearn's actions are representative of an ongoing issue where officers target inmates they dislike based on race and socioeconomic class. Plaintiff also alleges that corrections officers use fear tactics to silence Men's Advisory Council advocacy.

/ / /
/ / /
/ / /
/ / /
/ / /

## II. DISCUSSION

The Court finds plaintiff's claims suffer three defects. First, plaintiff fails to allege claims that support a finding of excessive force in violation of the Eighth Amendment. Second, plaintiff fails to allege specific facts that support his assertion that defendant violated his First Amendment rights by retaliating against him for his previous activism. Third, plaintiff fails to allege specific facts to support his assertion that defendant denied inmates their Fourteenth Amendment right to equal protection based on their race and socioeconomic class.

### A. **Eighth Amendment Excessive Force Claim**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect

on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475 U.S. at 320-21.  In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials.  See Whitley, 475 U.S. at 321-22.

Here, plaintiff fails to establish that Officer Hearn acted with the malicious mental state necessary for an excessive force claim. Plaintiff does not allege that Officer Hearn intended to shoot him or any other inmate. Rather, plaintiff acknowledges that Officer Hearn fired his weapon in response to a booth code about a physical fight. See ECF No. 1, p. 3. Plaintiff describes a situation in which Officer Hearn would need to react quickly to prevent harm to inmates or staff members. Although plaintiff alleges that Officer Hearn expressed happiness that he shot plaintiff, this statement does not establish that Officer Hearn's mental state at the time that he fired his weapon. Plaintiff provides some support for his excessive force allegation, such as the fact that Officer Hearn did not follow prison protocol when firing his weapon. However, these facts alone are not sufficient to establish that Officer Hearn intended to harm plaintiff. Plaintiff must be able to show that Officer Hearn intended to maliciously and sadistically cause harm by firing his weapon.

**B.     First Amendment Retaliation Claim**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting

4

this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

The Court acknowledges that plaintiff attempts to bring a retaliation claim against the defendant under equal protection per the Fourteenth Amendment. However, plaintiff's factual allegations better align with a First Amendment retaliation violation because plaintiff claims that Officer Hearn intended to quell plaintiff's activism in the Men's Advisory Council. See ECF No. 1, p. 4. Nevertheless, plaintiff has failed to show that Officer Hearn shot him because of his role in the Men's Advisory Council. Plaintiff describes a fistfight on the prison floor, which would

cause Officer Hearn to react quickly. See ECF No. 1, p. 3. Plaintiff's allegation that Officer Hearn expressed joy at having shot plaintiff afterwards does not establish that he intended to shoot plaintiff at the moment he fired his weapon. Plaintiff has failed to show that Officer Hearn intended to shoot plaintiff.

### C.     Fourteenth Amendment Equal Protection Claim

"In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); see also Estelle v. Gamble, 429 U.S. 97, 99 (1976). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). In Twombly, the Supreme Court held that the standard for stating a claim does not require the appearance, beyond a doubt, that "no set of facts" would entitle the plaintiff to relief. 550 U.S. at 561-63. (abrogating Conley v. Gibson, 355 U.S. 41 (1957), and adopting "plausibility" standard). The Court further explained in Twombly and Iqbal that conclusory statements that merely recite the elements of a claim are insufficient for the purpose of 12(b)(6). See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do).

Here, plaintiff's allegation that prison officials target inmates based on race and socioeconomic class is conclusory. Plaintiff's only support for his allegation is that Officer Hearn shot him during a booth code. However, plaintiff also claims that Officer Hearn shot him due to his participation in the Men's Advisory Council, not due to his race or socioeconomic status. See ECF No. 1, p. 3. Plaintiff has failed to allege specific incidents or patterns that demonstrate how prison officials target inmates based on race and socioeconomic status.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  June 15, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8